# UNITED STATES DISTRICT COURT

Eastern    District of    Pennsylvania

UNITED STATES OF AMERICA
V.

GARY BARBERA

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DPAE2:10CR000222-01

USM Number: 65240-066

Stephen LaCheen, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)  1 of the Information

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. §7206(1) | Filing false tax returns | 10/11/2005 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 5, 2010
Date of Imposition of Judgment

/s/ Jan E. DuBois
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

November 5, 2010
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 4—Probation

DEFENDANT: GARY BARBERA
CASE NUMBER: DPAE2:10CR000222-01

# PROBATION

The defendant is hereby sentenced to probation for a term of :
Three (3) years on Count 1 of the Information.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 4A — Probation

DEFENDANT: GARY BARBERA
CASE NUMBER: DPAE2:10CR000222-01

# ADDITIONAL PROBATION TERMS

1. Beginning as soon as arrangements can be made, defendant shall be placed in home detention with electronic monitoring for a period of twelve (12) months. During such period, defendant shall remain at his place of residence, and shall be permitted to leave his residence only to operate his automobile dealership including extended hours, to obtain medical treatment for himself and his family, to attend religious services, to shop for necessities for himself and his family, and for any other reason approved in advance by the United States Probation Office. Defendant shall maintain a telephone at his place of residence without any "call forwarding," "caller ID," "call waiting," modems, answering machines, cordless telephones, or other special services while he is in home detention under electronic monitoring. While in home detention with electronic monitoring, defendant shall comply with all of the applicable rules and regulations of the United States Probation Office. Defendant shall be required to pay the cost of electronic monitoring;

2. Defendant shall pay the restitution imposed by this Judgment from the proceeds of his anticipated tax refund on or before January 31, 2011;

3. Defendant shall pay the fine imposed by this Judgment from the proceeds of his anticipated tax refund on or before January 31, 2011;

4. Defendant may engage in business related travel beyond the Eastern District of Pennsylvania during his period of supervision with the prior approval of the United States Probation Office;

5. Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information;

6. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office, until his tax liability, restitution and fine are paid-in-full;

7. Defendant shall not encumber or liquidate his interest in any assets unless the proceeds are to be used in payment of defendant's tax liability, restitution or fine obligation;

8. Defendant shall cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns, and by timely filing all future returns that are due during the period of supervision. Defendant shall report all taxable income and claim only allowable expenses on such returns;

9. Upon request, defendant shall furnish Internal Revenue Service with documents and other information pertaining to his assets, liabilities and income; and,

10. Defendant shall pay all taxes, interest and penalties due, and shall otherwise comply with the tax laws of the United States.

Judgment — Page 4 of 6

DEFENDANT:            GARY BARBERA
CASE NUMBER:          DPAE2:10CR000222-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**      | **Restitution** |
|--------|----------------|---------------|-----------------|
| **TOTALS** | $ 100.00   | $ $30,000.00  | $ 119,744.55    |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee**         | **Total Loss***  | **Restitution Ordered** | **Priority or Percentage** |
|---------------------------|------------------|-------------------------|----------------------------|
| Internal Revenue Service  | $119,744.55      | $119,744.55             |                            |

See Page 5 for information
on restitution payment.

| **TOTALS** | $ $119,744.55 | $ $119,744.55 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   x   the interest requirement is waived for the    x   fine    x   restitution.

   ☐   the interest requirement for the    ☐   fine    ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:
CASE NUMBER:

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant shall pay restitution in the total amount of $119,744.55 to the Internal Revenue Service. The restitution shall be due immediately. Interest on the restitution obligation is waived. Restitution payments shall be made to Clerk, U.S. District Court, Eastern District of Pennsylvania, for distribution to the Internal Revenue Service - RACS, ATTN: Mail Stop 6261 (Restitution), 333 W. Pershing Avenue, Kansas City, Missouri 64108. The restitution shall be paid from the proceeds of defendant's anticipated tax refund on or before January 31, 2011.

Defendant shall pay to the United States a fine of $30,000.00. The fine is due immediately. Interest on the fine is waived. The find shall be paid from the proceeds of defendant's anticipated tax refund on or before January 31, 2011.

Defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately and paid on or before the close of business on November 10, 2010.

DEFENDANT: GARY BARBERA
CASE NUMBER: DPAE2:10CR000222-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

See Page 5.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

*[handwritten: 11/8/10 cc:*
*M. Crawley, AUSA*
*S. Lachsen, Esq*
*USA*
*Probation*
*Pretrial*
*ST Clk.*
*FLU*
*J. Zirj.]*

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.